UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15CV-00402-JHM

DEVAL BLACKWOOD                                                                                            PLAINTIFF

V.

UNITED STATES OF AMERICA                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Deval Blackwood, for attorney's fees and costs [DN 26]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

This action arises from the denial of benefits under the Traumatic Servicemembers' Group Life Insurance Program ("TSGLI") by the United States Army Board for Correction of Military Records ("ABCMR" or "Board"). Plaintiff is a current member of the United States Army who suffered a neck injury after falling approximately six feet onto his neck during an obstacle training course. Plaintiff filed a claim for benefits under the TSGLI on April 20, 2012. The Army denied Plaintiff's claim for benefits on the basis that Plaintiff was unable to provide sufficient medical documentation to support his claim for loss of ability to independently perform two or more activities of daily life ("ADL") for at least 30 consecutive days. After several administrative appeals and a final denial, Plaintiff filed suit against the United States on May 23, 2015. The United States moved to dismiss the action for lack of subject matter jurisdiction, or in the alternative, for summary judgment. By Memorandum Opinion and Order dated May 9, 2016, the Court ordered summary judgment in favor of the Plaintiff, vacated the decision of the Army Board, and remanded the matter to the Army Board office for proceedings

consistent with that opinion.

Plaintiff now seeks an award of attorney's fees in the amount of $4,050.00 and costs in the amount of $660.79 arguing that he is a prevailing party and has achieved "some degree of success on the merits" in its action for judicial review from an administrative agency. Specifically, Plaintiff seeks recovery of 8.5 attorney hours to be compensated at a rate of $425 per hour, or $3,612.50; 3:50 hours of paralegal/associate time to be compensated at a rate of $125 per hour, for a total of $437.50; and costs of $660.79.

## II.  DISCUSSION

### A. Eligibility for Fee Award

The Equal Access to Justice Act ("EAJA") generally provides a means for a party to recover attorney's fees and costs after a successful suit against the United States. The statute states:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than in cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Put otherwise, eligibility for a fee award requires: (1) the claimant be a "prevailing party;" (2) the Government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) any fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990) (citing 28 U.S.C. § 2412(d)(1)(B)).

The parties agree that Blackwood is a prevailing party. The United States additionally

does not make meaningful arguments against the other three eligibility requirements. The Court, therefore, determines that Blackwood is eligible for a fee award under the EAJA.

### B. Does an Exception Apply to the EAJA Statutory Rate?

The amount of attorney fees awarded under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). The plaintiff bears the burden of producing appropriate evidence to support a request for an increased hourly-fee rate. Bryant v. Commissioner of Soc. Sec., 578 F.3d 443, 449 (6th Cir. 2009).

In his motion, Plaintiff argues for an enhanced fee of $425 per hour for attorney work and $125 per hour for paralegal/associate work. Plaintiff argues that counsel's law practice specifically emphasizes representation of Servicemembers on TSGLI claims and litigation. (Jacob R. Jagdfeld Aff.) Counsel represents that TSGLI claimants have very few options available nationally to find competent legal representation with knowledge of the applicable procedures and lengthy process. Plaintiff has not met his burden of showing that a special factor supports an attorney fee rate that is over three times higher than the statutory rate. "Bryant requires that plaintiffs produce 'satisfactory evidence' beyond attorney affidavits to support a fee enhancement." Koffarnus v. United States, 2016 WL 3190281, *2 (W.D. Ky. June 7, 2016)(quoting Bryant, 578 F.3d at 450).

Senior District Judge Charles Simpson recently addressed the same issue in Koffarnus v. United States. Just as in Koffarnus, the only evidence provided by Plaintiff to support the enhanced fee are analogies to ERISA fee rates of $425 to $538 and fee rates of $400 for

3

attorneys in Cincinnati and Grand Rapids, Michigan, respectfully. 2016 WL 3190281, *2. In examining the same evidence, the district court in Koffarnus concluded that

> These analogies fall far short of meeting Koffarnus's burden. First, in ERISA litigation, "the court, in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In contrast, the Equal Access to Justice Act prohibits the Court from awarding a rate higher than $125 unless the court determines that the cost of living or another special factor justifies a higher rate. See 28 U.S.C. § 2412(d)(1)(D)(2)(A). Second, Koffarnus has provided no evidence of appropriate market rates in the Louisville area or the Western District of Kentucky as a whole. Third, Koffarnus has not shown that Jagdfeld's litigation and procedural knowledge of traumatic injury benefit claims meet the "distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." Pierce [v. Underwood, 487 U.S. 552, 572 (1988)]. Altogether, the Court finds that no special factor applies to support a fee enhancement above the statutory rate.

Koffarnus, 2016 WL 3190281, *3. For the same reasons articulated by the district court in Koffarnus, the Court finds that no special factor supports an attorney fee award above the statutory rate and, despite Plaintiff's argument, no discovery is warranted on this issue. Id.

With respect to a cost of living increase, the United States does not object to applying a cost of living adjustment of four percent to the statutory rate as the district court did in Koffarnus. Thus, applying a four percent cost of living adjustment to the $125 statutory rate results in an enhanced rate of $130 per hour.

Plaintiff requests an hourly rate of $125.00 for paralegal/associate work. Plaintiff provides no evidence or argument to support this rate. The United States proposes a rate of $94 per hour for paralegal/associate work citing as authority case law within the Western District of Kentucky. This rate was also adopted by the district court in Koffarnus. The Court will likewise adopt the United States' proposed rate of $94 per hour for paralegal/associate work.

4

### C. Hours Worked

The United States objects to a fee award related to counsel's *pro hac vice* motion. "'The cost of becoming a member of a court's bar or, as in this case, being granted leave to appear *pro hac vice*, is a personal expense that an attorney should bear himself.'" Koffarnus, 2016 WL 3190281, *3 (quoting Ray Burton v. Covin, 2015 WL 350386, *1 (N.D. Oh. Jan. 26, 2015) (disallowing recovery of *pro hac vice* filing fee in Equal Access to Justice case)). In his reply, Plaintiff did not respond to this objection. Accordingly, the Court will deduct one hour from the attorney hours and $25.79 in cost for a Certificate of Good Standing from the State of Minnesota.

### D. Award

Based on these decisions, 7.5 hours of attorney work at a rate of $130 per hour results in an attorney fee award of $975.00 and 3.50 hours of paralegal work at a rate of $94.00 per hour results in a paralegal/associate fee award of $329.00. Altogether, the Court will award Plaintiff $1,304.00 in fees under the Equal Access to Justice Act. Deducting the $25.79 in cost for the Certificate of Good Standing, the Court will award $635.00 for costs under the Equal Access to Justice Act.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that motion by Plaintiff, Deval Blackwood, for attorney's fees and costs [DN 26] is **GRANTED IN PART AND DENIED IN PART**. The Plaintiff is awarded $1,304.00 in fees and $635.00 in costs under the Equal Access to Justice Act. The Court denies the motion for the remainder of Plaintiff's requested fees and costs.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

October 5, 2016